NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 04a0129n.06
Filed: November 23, 2004

## No. 03-5974

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

DONATHAN DURHAM, )
)
    Plaintiff-Appellant, )
)
v. ) ON APPEAL FROM THE UNITED
) STATES DISTRICT COURT FOR THE
CITY OF ALGOOD; DAVID DILLON, ) MIDDLE DISTRICT OF TENNESSEE
individually and in his capacity as Mayor of )
Algood; BETHEL NEWPORT, individually )
and in his capacity as Manager for the )
City of Algood; and JAMES GIST, KEN )
HUNTER, RON ELDRIDGE, and )
JOHNNY BENNETT, individually and in )
their official capacity as Councilmen of the )
City of Algood, )
)
    Defendants-Appellees. )

Before: DAUGHTREY and SUTTON, Circuit Judges, and FORESTER,[*] District Court Judge.

**PER CURIAM.** The plaintiff, Donathan Durham, appeals the district court's grant of summary judgment to the defendants, the City of Algood (Tennessee) and various city officials, in this civil rights action filed as a result of Durham's termination from his position as an Algood police officer. In his complaint, Durham alleged a violation of his right to procedural due process based on the city's purported failure to provide him with a pre-

---

[*]The Hon. Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation.

termination hearing. Finding that under state law, Durham was an at-will employee who had no property interest in continued employment with the City of Algood, the district court granted summary judgment to the defendants on the due process claim and declined to exercise jurisdiction over the plaintiff's state law claim under the Tennessee Open Meetings Act.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing the complaint. Because the reasons why judgment should be entered for the defendants have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its memorandum opinion dated June 27, 2003, and entered on the record on June 30, 2003.